IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTHUR L. STANLEY,

Plaintiff,

v.

RICHARD A. POSNER, ILANA D.
ROVNER, ANNE C. WILLIAMS,
individually, and/or in their
official capacity as Circuit Judges
of the United States Court of Appeals
for the Seventh Circuit and/or their
Clerks, and/or THE UNITED STATES
OF AMERICA, generally, and
JUDGE J. PHIL GILBERT,
D.G. WILKERSON, P.M. FRAZIER,
individually and/or in their official
capacity as Judges of the U.S. District
Court for Illinois' Southern District,
and their Clerks,   No. 09-223-DRH

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On March 23, 2009, Stanley filed a complaint against District Court Judge J. Phil Gilbert, Magistrate Judge Philip M. Frazier, Magistrate Judge Donald G. Wilkerson, Justice Richard A. Posner, Justice Ilana D. Rovner, and Justice Ann

C. Williams, as well as their clerks, arguing that each Judge and Justice had failed to perform their duties in dismissing his prior case.[1] Four days later, on March 27, 2009, Stanley filed an amended complaint seeking declaratory, injunctive, and mandamus relief (Doc. 3). Stanley argues that Magistrate Judge Wilkerson, Magistrate Judge Frazier, and Judge Gilbert acted in an unauthorized manner in ruling on several motions, as well as ultimately dismissing his complaint. (Doc. 3 at ¶ 7 ). Further, Stanley argues that Justices Posner, Rovner, and Williams improperly modified the district court's final judgment. (*Id*. at ¶ 8). Stanley also argues that the Justices acted improperly when their clerks refused to allow Stanley access to Court files. (*Id*. at ¶ 8(b)(iii) ). Now before the Court is Stanley's motion to proceed *in forma pauperis* (Doc. 2).

By granting a motion for pauper status a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915.** The Prison Litigation Reform Act ("PLRA"),

---

[1] In the separate action, Stanley sued Harris Trust and Savings Bank and other Defendants, claiming that Defendants had obtained a state-court foreclosure judgment, on a mortgage he had taken out, in violation of the Federal Trade Commission Act (FTCA), the Federal Debt Collection Practices Act (FDCPA), and various other federal laws. *Stanley v. Select Portfolio*, 07-775 (S.D. Ill. 2007). On May 9, 2008, Judge Gilbert dismissed Stanley's claims based on a variety of reasons including that Stanley had no private right of action under the FTCA, lacked standing to complain about the order and judgment in a FTC Settlement in a federal court in Massachusetts, res judicata barred some claims, and his FDCPA claim was time-barred. On March 3, 2009, the Seventh Circuit Court of Appeals affirmed Judge Gilbert's decision concluding that the claims were not only barred by res judicata but that the district court lacked jurisdiction to hear the claims attacking the Illinois foreclosure judgment. *Stanley v. Hollingsworth*, **No. 08-2453, 2009 WL 102125 (7th Cir. 2009).** The Seventh Circuit also determined that the Magistrate Judge and District Judge's actions in granting Harris an extension of time to file its Rule 12(b)(6) motion and denying Stanley's motions for default judgment and summary judgment were not unreasonable. *Id*. **at *3.**

significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigations." **Hutchinson v. Spink, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

"[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." ***Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).** Thus, the Court should "view the *pro se* complaint with an understanding eye" and "take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." ***Id.***

Here, the Court finds that Stanley is clearly indigent. He has furnished an application to proceed without prepayment of fees documenting his poverty. However, an inquiry does not end here. Based on the allegations of Stanley's

Complaint, the Court finds that Stanley is suing defendants that are immune from suit and that dismissal with prejudice is warranted. Stanley seeks injunctive and declaratory relief for decisions made by the Magistrate Judges, Judge Gilbert, and Justices Posner, Rovner, and Williams in their official capacity as judges.

Judicial immunity is a common law doctrine that shields judges from civil liability for their judicial actions. ***See Tucker v. Outwater*, 118 F.3d 930, 932 (2nd Cir. 1997).** It is a well-settled axiom that questions of immunity should be decided at the earliest stage of litigation. ***See Clinton v. Jones*, 520 U.S. 681, 686 (1997).** The reasoning for this is that judges, as public servants, "represent the interest of society as a whole. The conduct of their official duties may adversely affect a wide variety of different individuals, each of whom may be a potential source of future controversy." ***Ferri v. Ackerman*, 444 U.S. 193, 203 (1979).** Judicial immunity allows judges to act impartially and provides an atmosphere free of "intimidation that would conflict with their resolve to perform their designated functions in a principled fashion." ***Id.* at 204.** Expeditiously answering questions of judicial immunity, therefore, prevents unnecessary and illegitimate suits from festering the judicial system.

Judges are absolutely immune from suit for money damages. ***Mireles v. Waco*, 502 U.S. 9, 10 (1991).** Judicial immunity is immunity from suit, not just from the assessment of damages. ***Id.*** "This immunity applies even when the judge's actions are in error, malicious, or in excess of his or her jurisdiction." ***Bolin v.***

***Story*, 225 F.3d 1234, 1239 (7th Cir. 2000) (finding that absolute immunity of federal judges applies to injunctive relief as well as money damages).** Immunity is overcome in two instances: (1) a judge is not immune from non-judicial actions; and (2) a judge is not immune for judicial actions taken in the absence of all jurisdictions. ***Mireles*, 502 U.S. at 10 (citing *Forrester v. White*, 484 U.S. 219, 226-27 (1998)).** To determine whether a judge's act is "judicial," the court looks at "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e. whether they dealt with the judge in his judicial capacity." ***Id.* at 11 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).**

Stanley's complaint raises several allegations against Magistrate Judges Frazier and Wilkerson, as well as Judge Gilbert, in that they improperly dismissed his claim against Harris.[2] Stanley's complaint also claims that Justices Posner, Rovner, and Williams failed to perform their duties by failing to reverse and remand

---

[2] Stanley raises numerous claims against Magistrate Judge Frazier. Stanley alleges that Frazier failed to take judicial notice of certain acts by Defendant's attorneys including submitting improper lead counsel who allegedly was not a bar member of the district. (Doc. 3 at ¶ 7(a)). Further he argues that neither of the magistrate judges or Judge Gilbert reviewed his motion for service of process by the U.S. Marshal and the clerk's refused to enter the order. (*Id*. at ¶ 7(b)). He further alleges that Magistrate Judge Frazier improperly "arrested" the filing of any motions and *sua sponte* granted Defendant an extension of time to file their Rule 12 motion to dismiss. (*Id*. at ¶ 7(c) - (g)).Stanley also alleges that Judge Gilbert refused his requests for review of the magistrate judges' orders and improperly denied both his motion for default judgment and motion for summary judgment. (*Id*. at ¶ 7(i)-(m)). Ultimately, Stanley argues that Judge Gilbert improperly dismissed his complaint. (*Id*. at ¶ 7(n) - (o)).
Although Stanley does not specifically list any allegations towards Magistrate Judge Wilkerson, the case was reassigned to Wilkerson after Frazier recused himself.

Stanley's case for jury trial.[3] A judge's decision in a case before him is considered a judicial action. **See John v. Barron, 897 F.2d 1387, 1392 (7th Cir. 1990).** The Judge and Magistrate Judges' actions in denying several of Stanley's motions and ultimately dismissing his case was judicial and, therefore, their judicial immunity cannot be overcome. The same can be said for the actions of the Justices. Furthermore, both Judge Gilbert, Magistrate Judge Frazier, Magistrate Judge Wilkerson, Justices Posner, Rovner, and Williams, and their clerks' actions were within their jurisdiction. "[I]mmunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly." **Sellenback v. Letsinger, 889 F.2d 755, 757-58 (7th Cir. 1989)**. Because Stanley has not alleged that the judges and justices' actions were not non-judicial or occurred in the absence of jurisdiction, the Court finds that judicial immunity bars Stanley's claim. Because Stanley has not met the requirements of **28 U.S.C. § 1915(e)(2)**, the Court dismisses with prejudice Stanley's cause of action against Magistrate Judge Frazier, Magistrate Judge Wilkerson, Judge Gilbert, Justice Posner, Justice Rovner and Justice Williams, and their clerks.

Accordingly, the Court **DENIES** Stanley's motion to proceed *in forma pauperis* (Doc. 2). The Court **DISMISSES with prejudice** Stanley's cause of action against Magistrate Judges Wilkerson and Frazier, Judge Gilbert, Justices Posner,

---

[3] Stanley argues that the Seventh Circuit had a "mandated responsibility" to reverse the district court's decision to dismiss his complaint and remand the case back to the district court for a jury trial. (Doc. 3 at ¶ 8 (b)). Stanley also alleges that the Justices' clerks refused to allow him to review the record on December 12, 2008. (*Id*. at ¶ 8(b)(ii)).

Rovner, and Williams, as well as their clerks. The Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 22nd day of April, 2009.

/s/ *DavidRHerndon*

**Chief Judge
United States District Court**