**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ARTHUR L. STANLEY,**

**Plaintiff,**

**v.**

**RICHARD A. POSNER, ILANA D. ROVNER, ANNE C. WILLIAMS, individually, and/or in their official capacity as Circuit Judges of the United States Court of Appeals for the Seventh Circuit and/or their Clerks, and/or THE UNITED STATES OF AMERICA, generally, and JUDGE J. PHIL GILBERT, D.G. WILKERSON, P.M. FRAZIER, individually and/or in their official capacity as Judges of the U.S. District Court for Illinois' Souther District, and their Clerks,**

**Defendant.** **No. 09-223-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

Now before the Court is Plaintiff's Rule 59(e) and Rule 60(b) Motion for relief from a void judgment (Doc. 7). On April 22, 2009, the Court entered an Order denying Plaintiff's motion to proceed *in forma pauperis* and dismissing with prejudice his cause of action against Magistrate Judges Wilkerson[1] and Frazier, Judge Gilbert, Judges Posner, Rovner, and Williams as well as their clerks (Doc. 5). The

[1] While Plaintiff lists Judge Wilkerson as a defendant in this suit, none of the allegations raised in the Complaint refer to Judge Wilkerson. No where in the Complaint does Plaintiff allege that any of the decisions were issued by Judge Wilkerson.

Court found that the respective Judges were immune from suit for injunctive and declaratory relief for decisions they made in their official capacity as judges. The Court entered Judgement in favor of the Judges and against Plaintiff on April 23, 2009. On May 1, 2009, Plaintiff filed a Rule 59(e) and 60 Motion for Relief from a Void Judgment (Doc. 7). The Court having considered the arguments set out in the motion, **DENIES** Plaintiff's Rule 59(e) and 60 Motion for Relief.

## II. Analysis

Technically, a "motion to reconsider" does not exist under the **FEDERAL RULES OF CIVIL PROCEDURE**. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to **Rule 59(e)** or **Rule 60(b)** of the **FEDERAL RULES OF CIVIL PROCEDURE**. ***See, e.g., Mares v. Bucby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992)**. Under these rulings, the date the motion was filed determined under what rule it would be analyzed. ***See Deutsch*, 981 F.2d at 300**. If the motion was served within 10 days of the rendition of the judgment/order, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b). ***Id.* (citations omitted)**. Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 10 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach - that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions - no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label..., is dispositve with respect to the appropriate characterization of the motion.

***Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted).**

Here, the Court filed its Order on April 22, 2009 and its Judgment on April 23, 2009 (Docs. 5 & 6). Plaintiff filed his motion to amend under Rule 59(e) and Rule 60(b) on May 1, 2009 (Doc. 7). Since the motion was filed within ten days of the Order, the Court must look to the substance of the motion to determine whether the motion should be construed under Rule 59(e) and Rule 60(b). ***Obreicht*, 517 F.3d at 493**. Here, however, Plaintiff has filed his motion under both Rule 59(e) and Rule 60(b). Plaintiff argues that under Rule 59(e), the Court erred in dismissing his complaint because Plaintiff seeks mandamus relief against the Defendants and not money damages. Plaintiff further argues that mandamus is the appropriate method for compelling the federal judges to perform their duties. Similarly, Plaintiff argues that the Order should be amended under Rule 60(b) because his complaint seeks mandamus relief against the Defendants. Plaintiff brought his action pursuant to the mandamus statute. Plaintiff argues that the issue of judicial immunity as it relates to money damages is inapplicable to his mandamus

suit.

## A. FEDERAL RULE OF CIVIL PROCEDURE 59(e)

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow purpose and must clearly establish a manifest error of law or fact or must present newly discovered evidence. ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Moro*, 91 F.3d at 876 (citation omitted); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994), *cert. denied*, 514 U.S. 1023 (1995)**.

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (N.D. Ill. 1990) (citations omitted)**. Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from

dissatisfied litigants. ***BNT Terminals*****, 125 B.R. at 977**. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. ***See Prickett v. Prince*****, 207 F.3d 402, 407 (7th Cir. 2000);** ***LB Credit Corp. v. Resolution Trust Corp.*****, 49 F.3d 1263, 1267 (7th Cir. 1995)**.

Here, Plaintiff argues that the Court erred in dismissing his complaint because the Court stated that Plaintiff sought declaratory and injunctive relief, while Plaintiff's claim was actually brought under the mandamus statute, seeking mandamus relief. Plaintiff argues that a mandamus action is the proper mechanism for compelling the federal judges to perform their duty and therefore, the Court erred in dismissing his Complaint. Plaintiff also argues that a decision on the merits of Plaintiff's mandamus Complaint should have been separated from the issue regarding prepayment of fees.

The Court first notes that the Court dismissed Plaintiff's Complaint for failure to state a claim as part of its duty to screen the complaint when filed by a Plaintiff seeking pauper status. In determining whether a Plaintiff can proceed *in forma pauperis*, the Court is required to carefully screen an indigent's Complaint. **28 U.S.C. § 1915(e)(2)**. Under the Prisoner Litigation Reform Act ("PLRA"), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who

is immune from such relief. ***Id.*** Here the Court correctly determined that Plaintiff's Complaint failed to pass **§ 1915(e)(2)** scrutiny as it failed to state a claim upon which relief can be granted. While Plaintiff argues that it was wrong for the Court to make such a determination at this stage of the litigation, the PLRA requires that the Court screen such a complaint before granting pauper status.

The Court does note that Plaintiff is correct that his complaint was filed pursuant to **28 U.S.C. § 1361**, seeking mandamus relief against the various Judges. While the Court did focus on judicial immunity in dismissing Plaintiff's case, Plaintiff's mandamus claims also fail. A writ of mandamus is an extraordinary form of relief only allowed in exceptional circumstances. ***In re Lewis*, 212 F.3d 980, 982 (7th Cir. 2000); *In re Rhone-Poulenc Rorer,Inc.*, 51 F.3d 1293, 1294 (7th Cir. 1995).** However, while a writ of mandamus could issue from an appellate court to direct the district court to "correct a clear abuse of discretion or the failure to carry out a ministerial task," this Court does not sit as an appellate court. ***Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir. 1998), *cert. denied* 525 U.S. 1019, 119 S. Ct. 545, 142 L.Ed. 2d 453 (1998)**. "For a district court to issue a writ of mandamus against an equal or higher court would be remarkable." ***Trackwell v. United States*, 472 F.2d 1242 (10th Cir. 2007). *See also Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94, 90 S. Ct. 1648 (1970) (Harlan, J. concurring) ("§ 1361...extends to 'officers', 'employers', and 'agencies' of the United States; there is no indication that it empowers the**

**District Courts to issue mandamus to other judicial tribunals").** Here, Plaintiff asks for this Court to review the decisions[2] not only of another district judge but also the decisions of the appellate court. As this Court is not an appellate court, it can not issue this type of extraordinary relief against a district court or a higher court.

Further, as the Court pointed out in its Order dismissing Plaintiff's Complaint (Doc. 5), Plaintiff's other requested forms of relief fail under **§ 1915(e)(2)** screening. To the extent Plaintiff seeks damages, judges are absolutely immune from suits based on their judicial actions. ***Mireles v. Waco*, 502 U.W. 9, 11, 112 S.Ct. 286, 116 L.Ed. 2d 9 (1991); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" (citations omitted)).** "[I]mmunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly." ***Dellenback v. Letsinger*, 889 F.2d 755, 757-58 (7th Cir. 1989); *see also Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104 (1978).** To determine whether a judge's act is "judicial," the court

[2] Plaintiff's Complaint alleged that Judge Gilbert along with Magistrate Judges Wilkerson and Magistrate Judge Frazier. Plaintiff argues that Judge Frazier misapplied Rule 26(f), granted Defendants an extension of time to prepare a motion to dismiss, and wrongly denied Plaintiff's motion for default judgment. Plaintiff also argues that Judge Gilbert wrongly denied his motion for summary judgment, granted Defendant's motion to dismiss, and closed the case. Plaintiff further argues that the appellate judges failed to reverse and remand the district court's rulings and would not allow Plaintiff to review the record when he visited the court house.

looks at "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e. whether they dealt with the judge in his judicial capacity." ***Mireles*, 502 U.S. at 11 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978))**.

As stated in the Order, Plaintiff's claims fail because he seeks relief on the various appellate court, district court, and magistrate judge's judicial actions.[3] Plaintiff's Complaint alleges that Magistrate Judges Frazier and Wilkerson, as well as Judge Gilbert, improperly dismissed Plaintiff's case and that Judges Posner, Rovner, and Williams erred by failing to reverse and remand the case. Clearly, issuing orders dismissing cases and denying appeals are actions normally performed by judges. ***See Mireles*, 502 U.S. at 11.** Magistrate Judges Frazier and Wilkerson, as well as Judge Gilbert, were acting in their judicial capacity in dismissing Plaintiff's case. Further, Judges Posner, Rovner, and Williams were acting in their judicial capacity when they refused to remand Plaintiff's claim. There is also no evidence in the Complaint that the judges acted in the clear absence of all jurisdiction. Therefore, they are absolutely immune from damages. Further, absolute immunity also insulates federal judges from injunctive relief. To the extent that Plaintiff seeks injunctive relief for the decisions of the judges, the Judges are also protected under

---

[3] Plaintiff's Complaint also states that he is seeking relief against the Judges and their Clerks. However, clerks are also protected from actions they took based on judicial direction. ***Kincaid v. Vail*, 969 F.2d 594 (7th Cir. 1992) (finding that Court Clerks are immune for actions taken at judicial direction)**. Plaintiff alleges that the Clerks at the district court level wrongly refused to sign or enter an order regarding Plaintiff's motion. Clearly, in entering an order, a Clerk acts at the direction of the judge. A Clerk has no authority on his/her own to enter an order of the Court.

the doctrine of judicial immunity. ***Bolin*, 225 F.3d at 1240.**

Accordingly, the Court **DENIES** Plaintiff's motion to amend pursuant to **FED. R. CIV. P. 59(e)**.

**B. FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

Rule 60(b), on the other hand, authorizes a district court to relieve a party from final judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)**. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000) (quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995))**. Rule 60(b) is more restrictive regime than Rule 59(e). ***Cash*, 209 F.3d at 697**.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)**. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000)(quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995))**.

Here, again, Plaintiff argues that his Complaint seeks mandamus relief and that mandamus is the appropriate "post deprivation remedy" to correct the due process violations that he alleges were committed by the Judges. However, as the Court pointed out earlier, Plaintiff's mandamus complaint seeks a writ of mandamus against the district court and the appellate court. As this Court is not an appellate court, it cannot issue this remedy. Further, Rule 60(b) is a more restrictive regime than Rule 59(e). ***Cash*, 209 F.3d at 697**. The Court will only overturn decisions where a "special circumstance" justifies an "extraordinary remedy" and the Plaintiff has not shown a "special circumstance." Plaintiff's Complaint failed to state a claim for the reasons stated above and the Court correctly dismissed the Complaint. Therefore, Plaintiff's motion to amend pursuant to Rule 60(b) is also **DENIED**.

## III. Conclusion

Accordingly, the Court **DENIES** Plaintiff's Rule 59(e) and 60 motion for relief from a void judgment (Doc. 7).

**IT IS SO ORDERED.**

Signed this 2nd day of October, 2009.

/s/ David R. Herndon

**Chief Judge**
**United States District Court**