IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARTHUS L. STANLEY,**

**Plaintiff,**

**v.**

**RICHARD A. POSNER, ILANA D.
ROVNER, ANNE C. WILLIAMS,
individually, and/or in their official
capacity as Circuit Judges of the
United States Court of Appeals for
the Seventh Circuit and/or their Clerks,
and/or THE UNITED STATES OF AMERICA,
generally, and JUDGE J. PHIL GILBERT,
D.G. WILKERSON, P.M. FRAZIER, individually
and/or in their official capacity as Judges of the
U.S. District Court for Illinois' Souther District,
and their Clerks,**

**Defendant.**                                                  **No. 09-223-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Plaintiff's Rule 60 Motion for Relief from a Void Judgment (Doc. 9). On April 22, 2009, the Court entered an Order denying Plaintiff's motion to proceed *in forma pauperis* and dismissing with prejudice his cause of action against Circuit Judges Richard A. Posner, Ilana D. Rovner, Anne C. Williams, District Judge Phil Gilbert, and Magistrate Judges D.G. Wilkerson and P.M. Frazier (Doc. 5). The Court entered judgment in favor of the Judges and against Plaintiff on April 23, 2009. On May 1, 2009, Plaintiff filed a Rule 59(e) and

60 Motion for Relief from a Void Judgment (Doc. 7). The Court denied that motion and further explained why mandamus relief was not warranted in this case (Doc. 8). On October 15, 2009, Plaintiff again filed a Rule 60 Motion for Relief from a Void Judgment (Doc. 9), this time raising various arguments that he raised in his initial motion as well as arguing that this Court's prior Order denying Plaintiff's motion for relief was erroneous. The Court having considered the arguments set out in the motion, **DENIES** Plaintiff's Rule 60 Motion for Relief (Doc. 9).

## II. Analysis

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. ***See, e.g., Mares v. Bucby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992)**. Under these rulings, the date the motion was filed determined under what rule it would be analyzed. ***See Deutsch*, 981 F.2d at 300**. If the motion was served within 10 days of the rendition of the judgment/order, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b). ***Id.* (citations omitted)**. Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 10 days of the rendition of the judgment can be analyzed under either rule depending

upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach - that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions - no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label…, is dispositve with respect to the appropriate characterization of the motion.

***Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted).**

Here, the Court filed its Order on October 5, 2009 (Doc. 8) and Plaintiff filed his motion to amend under Rule 60 on October 15, 2009 (Doc. 9). Since the motion was filed within ten days of the Order, the Court must look to the substance of the motion to determine whether the motion should be construed under Rule 59(e) or Rule 60(b). ***Obreicht*, 517 F.3d at 493**. While Plaintiff has labeled his motion a Rule 60 motion, Plaintiff actually presents arguments under both Rule 59(e) and Rule 60(b). Plaintiff first argues that the Court should review its ruling because the judgment is void, an argument that typically falls under Rule 60(b). Plaintiff also presented arguments under a section entitled "Rule 59(e)" where he argues that the Court Order dismissing his Complaint was "wrong."

**A. FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow

purpose and must clearly establish a manifest error of law or fact or must present newly discovered evidence. ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996);** ***Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986);** ***Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Moro*, 91 F.3d at 876 (citation omitted);** ***King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994),** ***cert. denied*, 514 U.S. 1023 (1995).**

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (N.D. Ill. 1990) (citations omitted)**. Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. ***BNT Terminals*, 125 B.R. at 977**. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. ***See Prickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000);** ***LB Credit Corp. v. Resolution Trust Corp.*,**

**49 F.3d 1263, 1267 (7th Cir. 1995)**.

Here, Plaintiff fails to present any new arguments demonstrating that the Court's Order dismissing his Complaint was a manifest error of law or fact. In fact, Plaintiff presents exactly the same arguments which he did in his previous motion to amend (See Doc. 7). His arguments in regards to his Rule 59(e) motion are word for word the arguments he raised in his previous Rule 59(e) motion. He has presented no new arguments and those arguments which he does raise could and were raised and denied in his previous motion. Instead of presenting new arguments, Plaintiff instead merely seeks to have another "bite at the apple." The Court has already determined that it is not able to give Plaintiff the mandamus relief that he seeks as it is not an appellate court, **see Trackwell v. United States, 472 F.3d 1242 (10th Cir. 2007)**, but Plaintiff has yet again filed a motion to amend this Courts judgment presumably because he disagrees with the Court's previous decisions (Docs. 5 & 8). However, a Rule 59(e) motion is not meant to seek relief for a party who simply disagrees with the Court's decision. Instead, such a motion is designed to allow a court to correct its own errors. Here, Plaintiff has failed to demonstrate any error in the Court's previous decisions.

Plaintiff does argue that this Judge previously recused himself from this case and that this case was somehow consolidated with other cases filed by Plaintiff. Plaintiff argues that this Judge was himself a defendant to this case. However, this argument is simply false. This Judge was never a party to this action nor were any

of the cases filed by Plaintiff consolidated into one case. Therefore, the Court **DENIES** Plaintiff's Rule 59(e) motion.

### B.  FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Rule 60(b) authorizes a district court to relieve a party from final judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence…; (3) fraud …; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged …; or (6) any other reason justifying relief from the operation of the judgment.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)**. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000) (quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995))**. Rule 60(b) is more restrictive regime than Rule 59(e). ***Cash*, 209 F.3d at 697**.

Here, Plaintiff has not presented such an extraordinary circumstance justifying relief. Instead, Plaintiff merely reiterates the arguments he presented in his original 60(b) motion. He argues that this Court's previous order dismissing his complaint for mandamus relief was wrong and that his mandamus action was appropriate. However, as this Court stated in its previous Orders, mandamus is an extraordinary relief which this Court can not issue because it is not an appellate

court.  *See **Armstrong v. Martin Marietta Corp.**,* **138 F.3d 1374, 1385 (11th Cir. 1998),** *cert. denied* **525 U.S. 1019, 119 S. Ct. 545, 142 L.E.2d 453 (1998);** *Trackwell v. United States***, 472 F.3d 1232, 1246 (10th Cir. 2007) ("for a district court to issue a writ of mandamus against an equal or higher court would be remarkable")**.  Clearly, this Court can not enter the type of relief that Plaintiff requests and Plaintiff has presented no arguments refuting the Court's ruling on that matter.  Therefore, Plaintiff has not stated a "special circumstance" that justifies a "extraordinary remedy" under Rule 60(b).  Plaintiff's Rule 60(b) motion is **DENIED**.

### III.  Conclusion

Accordingly, the Court **DENIES** Plaintiff's Rule 60 Motion for Relief from a Void Judgment (Doc. 9).

**IT IS SO ORDERED.**

Signed this 15th day of December, 2009.

/s/   *David R Herndon*
**Chief Judge**
**United States District Court**